IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FRANCIS JANICE GIBSON, )
Trustee of Joeallen Gibson Sr. Marital )
Trust, individually and on behalf of others )
similarly situated, )
)
       Plaintiff, )
)
v. ) Case No. CIV-15-611-M
)
CONTINENTAL RESOURCES, INC., )
an Oklahoma corporation, )
)
       Defendant. )

**ORDER**

Before the Court is Plaintiff's Motion to Remand Proceedings Back to State Court and Brief in Support, filed July 1, 2015. On July 22, 2015, defendant responded, and on July 29, 2015, plaintiff replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction

On May 18, 2015, plaintiff filed her First Amended Petition, as trustee of the Joeallen Gibson Sr. Marital Trust, individually, and on behalf of the class of all other persons similarly situated, in the District Court of Blaine County, State of Oklahoma. Plaintiff and the putative class members own overriding royalty interests ("ORRI") in wells operated by defendant in Blaine County, Oklahoma. In her First Amended Petition, plaintiff alleges:

> Plaintiff's and Class Members' ORRI are subject to one or more Assignments conveyed in favor of defendant or its predecessors and/or unitization orders of the Oklahoma Corporation Commission.
>
> Defendant had the right to produce, save, and sell hydrocarbon production as the operator of wells located on the leased premises ("Subject Wells") pursuant to the Assignments and/or Unitization Orders. Defendant marketed the production covered by Plaintiff's

> and Class Members' respective interests. In exchange, Plaintiff's and Class Members' ORRI entitle them to payments from Defendant equal to Plaintiff's and Class Members' proportionate share of the proceeds from the first arm's length sale of all hydrocarbon production free from any costs or expenses.

First. Am. Pet. ¶¶ 10-11 [docket no. 9-3].

The basis of plaintiff's claims stem from defendant's alleged failure to make proper payments to plaintiff and the putative class members. Plaintiff specifically alleges claims of: (1) breach of contract; (2) negligence; (3) unjust enrichment; (4) accounting; (5) breach of fiduciary duty; and (6) fraud. On June 3, 2015, defendant removed this case to this Court alleging jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1453. Subsequently, plaintiff filed this Motion to Remand, pursuant to 28 U.S.C. § 1447.

## II.   Discussion

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(a)). Further, the "[Class Action Fairness Act of 2005] gives federal courts jurisdiction over certain actions defined in [28] § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Id.* at 552 (citing 28 U.S.C. § 1332(d)(2) & (5)(B)). However, 28 U.S.C. §§ 1332(d)(3) ("Interest of Justice Exception"), (4)(A) ("Local Controversy Exception") and (4)(B) ("Home State Exception") provide instances when the district court should either permissively or mandatorily decline jurisdiction over a removed case citing CAFA as its basis for removal.

The Interest of Justice Exception provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under

paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

**(A)** whether the claims asserted involve matters of national or interstate interest;
**(B)** whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
**(C)** whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
**(D)** whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
**(E)** whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
**(F)** whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). Further, under the Local Controversy and Home State Exceptions:

A district court shall decline to exercise jurisdiction under paragraph (2)--
**(A)(i)** over a class action in which--
    **(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
    **(II)** at least 1 defendant is a defendant--
        **(aa)** from whom significant relief is sought by members of the plaintiff class;
        **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
        **(cc)** who is a citizen of the State in which the action was originally filed; and
    **(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

>   **(ii)** during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>   **(B)** two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4).

### A. Sufficient notice for removal

Plaintiff contends that defendant's removal notice was insufficient to meet the minimal diversity requirement pursuant to 28 U.S.C. § 1332(d)(2). Specifically, plaintiff contends that defendant's reliance on out-of-state addresses is not sufficient to establish citizenship pursuant to § 1332(d)(2). Defendant asserts that, pursuant to *Dart Cherokee*, it has met the requirements of providing a "short and plain statement of the grounds for removal," and that *Dart Cherokee* does require the domicile of each class member to be identified.

Having carefully reviewed the parties' submissions, the Court finds that defendant's removal notice is sufficient. Specifically, the Court finds that in defendant's Notice of Removal, defendant alleges that many of the persons who own ORRI are citizens of states other than Oklahoma.[1] Further, defendant contends that the number of class members exceeds 100 and damages are an amount in excess of $10 million. Based on the information provided in defendant's Notice of Removal, the Court finds defendant has satisfied the minimal diversity requirement pursuant to *Dart Cherokee*.

---

[1] Defendant relies on the Affidavit of Claude A. Seaman, who states: "Continental's revenue accounting system confirms that hundreds of overriding royalty owners having out-of-state addresses receive proceeds from production sold from Continental-operated wells within Oklahoma." Notice of Removal Exhibit 5, Affidavit of Claude A. Seaman.

B. Exceptions to Class Action Fairness Act of 2005 ("CAFA")

Plaintiff contends that this Court should decline jurisdiction under one of the exceptions to CAFA. However, plaintiff requests that the Court stay its ruling on her motion to remand until after plaintiff conducts limited discovery into jurisdictional matters regarding citizenship of the class members. Defendant contends that no additional jurisdictional discovery is warranted and the Court should make its decision based on the facts presented in the parties' submissions.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should be allowed to conduct limited jurisdictional discovery to determine the citizenship of the class members. Specifically, the Court notes that defendant acknowledges that "the percentage of putative class members with an Oklahoma address trips the statutory threshold material to the 'Interest of Justice' exception in § 1332(d)(3)."[2] Resp. at 8. In light of the fact that defendant has presented information, which preliminarily shows that more than one-third of the class members have Oklahoma mailing addresses, the Court finds that plaintiff should be allowed to conduct limited jurisdictional discovery to determine if these class members are in fact citizens of Oklahoma.[3]

III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff leave to conduct additional jurisdictional discovery regarding the citizenship of the class members. Plaintiff shall file a supplemental brief to her motion to remand on or before November 20, 2015,

---

[2] Defendant asserts that 58.3% of the class members have Oklahoma addresses while 41.7% of the class members have out-of-state addresses.

[3] Based on Congressional intent, the jurisdictional discovery should be limited in nature and "made largely on the basis of readily available information." *See Jeter v. Wild West Gas, LLC*, (Case No. 12-CV-411-TCK), 2014 WL 3890308, *5-6 (N.D. Okla. Aug. 7, 2014) (slip copy) (citing S. Rep. 109-14, at 44 (2005)).

and defendant shall file a response to plaintiff's supplemental brief on or before December 11, 2015.

**IT IS SO ORDERED this 8th day of October, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE